**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-23017-CV-WILLIAMS**

VICTOR LARA ORELLANA,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

Respondents.
___________________________________/

**ORDER**

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Victor Lara Orellana ("***Petitioner***") (DE 1). Petitioner challenges his continued prolonged detention at the Krome Service Processing Center ("***Krome***") in Miami, Florida.[1] (*Id.* at 6–7.) As relief, Petitioner seeks an Order from the Court requiring immigration officials to release him from custody. (*Id.* at 7.) For the reasons set forth below, the Petition (DE 1) is **DISMISSED without prejudice** to refile a new § 2241 at a later date.[2]

## I. FACTUAL BACKGROUND

On December 11, 2015, Petitioner, a minor, native and citizen of Honduras, was taken into immigration custody after applying admission into the United States from Mexico at the Paso Del Norte Port of Entry in El Paso, Texas. (DE 8 at 2 citing (DE 8-1,

[1] Although Petitioner was transferred from Krome during the pendency of this action, due to brush fires, as of June 30, 2026, Petitioner has since been returned to Krome where he remains confined. (DE 16); *see also* https://locator.ice.gov/odls/#/search.

[2] *See* page 5.

Ex. A at 2).) On December 25, 2015, after removal proceedings were begun, Petitioner was released from immigration custody on an order of recognizance to the custody of a sponsor. (*Id.* at 2 citing (DE 8-3, Ex. C).)

On January 10, 2026, after being released from jail following a conviction in *State of Florida v. Lara-Orellana*, No. 2026-CF-001349-C (1st Jud. Cir. 2026) (the "***1st Criminal Case***") for sexual assault/sexual battery on a victim sixteen or seventeen years, Petitioner was taken into immigration custody. (DE 8 at 3 citing (DE 8-5, Ex. E at 3 ¶¶ 12–13).)

On that same date, an assistant field office director entered a Final Administrative Removal Order finding Petitioner removable and ordered him removed to Honduras. (*Id.* at 3 citing (DE 8 at 3–4 citing (DE 8-9, Ex. I at 1).) No appeal of the Order was filed, therefore, that order is now final.[3]

Petitioner has remained in immigration custody since January 10, 2026. (DE 8 at 2); *see also* (DE 1.) On April 17, 2026, Petitioner filed the Petition before the Court seeking habeas relief, arguing that his continued prolonged detention is unlawful. (DE 1 at 8–9).

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he or she is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends

[3] *See* EOIR Automated Case Information System on-line at https://acis.eoir.justice.gov/en/caseInformation.

to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner claims his prolonged detention is unlawful. (DE 1). Respondent argues that Petitioner is not entitled to immediate release because he is subject to a final removal order and under *Zadvydas* his continued detention is reasonable. (DE 8 at 5–8.) The Court agrees.

Where, as here, "a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The Government is required to detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Further, detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A).

In *Zadvydas*, the Supreme Court held that indefinite detention of noncitizens after an order of removal is final raises serious constitutional concerns. *Zadvydas*, 533 U.S. at 590–99. Further, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 700-01. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal." *Id.* at 698. The Supreme Court further held that a removable noncitizen awaiting deportation may only be detained for a presumptively reasonable period of time—six months—unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 698–701.

Thus, to state a *Zadvydas* claim, a petitioner not only must demonstrate post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (quoting *Zadvydas*, 533 U.S. at 701). “Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter.” *Akinwale*, 287 F.3d at 1052. “This six-month period thus must have expired at the time [petitioner] § 2241 was filed in order to state a claim under *Zadvydas.*” *Akinwale*, 287 F.3d at 1052. Once this showing is made, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. *Zadvydas* claims raised prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052.

Petitioner’s removal order became final in **January 2026**. *See* 8 U.S.C. § 1231(a). Petitioner has remained in immigration custody since he was taken into custody on **January 10, 2026.** On **April 17, 2026,** pursuant to the mailbox rule, the Petition was filed. (DE 1 at 8–9.) Because Petitioner was inside the six-month presumptive reasonable removal period at the time he filed the Petition, his continued detention is presumptively reasonable. Thus, his continued detention falls short of the time required to receive the benefit of *Zadvydas.* The *Zadvydas* period ***must*** have expired **at the time** he filed the Petition, and not at the time a habeas petition is ruled on by the Court. *See Akinwale*,

287 F.3d at 1051. Thus, any substantive due process claim is not ripe for review and shall be dismissed without prejudice.[4]

Following dismissal of this Petition, if detention continues, Petitioner may file a new § 2241 **immediately** seeking relief under *Zadvydas*; but to succeed on the claim, he must demonstrate that his continued detention exceeds six (6) months and that there is no significant likelihood of removal in the reasonably foreseeable future. *See Akinwale*, 287 F.3d at 1050.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (DE 1) is **DISMISSED WITHOUT PREJUDICE** as premature. If Petitioner is not removed or the likelihood of his removal in the reasonably foreseeable future changes, he may file a new habeas corpus petition immediately.

2. The Court's Order (DE 4) prohibiting Petitioner's removal or transfer from the Southern District of Florida is **LIFTED**.

3. All pending motions not otherwise ruled upon are **DENIED as moot.**

4. The Clerk of Court **SHALL** close this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 17th day of August, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

[4] Because the *Zadvydas* claim is not ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

**Copies furnished to:**

**Victor Lara Orellana, *Pro Se***
Alien #208657077
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
(Address of Record)

**Victor Lara Orellana, *Pro Se***
Alien #208657077
Federal Detention Center-Miami
Inmate Mail/Parcels
P.O. Box 019120
Miami, FL 33101
(Temporary Address per (DE 11))

**Payton H. Poliakoff, AUSA**
United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Email: Payton.Poliakoff@usdoj.gov